UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **Cameron Thompson**,<br><br>    Plaintiff,<br><br>v.<br><br>**Dealer Renewal Services, Royal Administration Services, Inc., and Budco Financial Services,**<br><br>    Defendant. | Case No.<br><br>Complaint and Demand for Jury Trial |

## COMPLAINT

**Cameron Thompson** (Plaintiff), by and through his attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **Dealer Renewal Services, Royal Administration Services, Inc., and Budco Financial Services** (Defendants):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 and §302.101 of the Texas Business and Commercial Code.

### JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

3. This Court has personal jurisdiction over Defendants conduct business in the State of Texas.

1

4. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Fort Worth, Texas 76244.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant Dealer Renewal Services ("DRS") is a business entity with a mailing address at 3300 S. Dixie Hwy, #1-142, West Palm Beach, Florida, 33405.

8. Defendant Royal Administration Services, Inc. ("Royal") is a business entity with principal place of business and mailing address at 51 Mill Street, Building F, Hanover, Massachusetts, 02339.

9. Defendant Budco Financial Services ("Budco") is a business entity with principal place of business and mailing address at 333 W. Ford Street, Suite 1750, Detroit, Michigan 48226.

10. Defendants are "persons" as that term is defined by 47 U.S.C. § 153(39).

11. Defendants acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

12. Royal provides extended warranty services to consumers.

13. DSR placed repeated calls to Plaintiff on his cellular phone ending in 3664 attempting to sell Plaintiff an automobile warranty administered by Defendant Royal.

14. Plaintiff never sought information about a motor vehicle warranty and did not consent to the calls from DSR.

15. These calls were not made for "emergency purposes," but rather for telemarketing purposes.

16.     Plaintiff's cellular telephone number has been on the Do Not Call Registry since January 25, 2004.

17.     Despite registration on the Do Not Call Registry, DSR placed repeated calls to Plaintiff.

18.     On each occasion listed above, Plaintiff answered the call and heard either a lengthy pause or delay and/or a pre-recorded voice before anyone came on the line, indicating to him that the call was made using an ATDS.

19.     When Plaintiff spoke with a live individual, he was solicited for an automobile warranty.

20.     On or about April 16, 2020, in order to ascertain who was responsible for the calls, Plaintiff purchased a warranty from Defendants DSR and Royal.

21.     On this same date, Defendant DSR sent Plaintiff a contract booklet containing information about the Royal warranty he purchased. See Exhibit "A."

22.     The contract booklet included a welcome letter, information about the warranty, and a payment plan agreement. See Id.

23.     The contract booklet from DRS identified the "Lienholder" as Budco and the "Administrator" as Royal. See Id.

24.     Upon information and belief, Defendants Royal and Budco authorized Defendant DRS to solicit and generate prospective customers, and enter into contracts on their behalf with those prospective customers.

25.     The actions described herein were in violation of the TCPA and Texas Business and Commercial Code.

## COUNT I
## DEFENDANTS VIOLATED THE TCPA 47 U.S.C. § 227(B)

26. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

27. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

23. Defendants initiated multiple telephone calls to Plaintiff's cellular telephone number using an automatic telephone dialing system.

23. Defendants' calls were not made for "emergency purposes."

24. Defendants' calls to Plaintiff's cellular telephone without any prior express consent.

25. Defendants contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since January 25, 2004.

26. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

27. The acts and/or omissions of Defendants were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

28. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUNT II
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(C)

29. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

30. The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered his or his telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

31. Defendants contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since January 25, 2004.

32. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

33. The acts and/or omissions of Defendants were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

34. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUNT III
## DEFENDANT VIOLATED § 302.101 OF
## THE TEXAS BUSINESS AND COMMERICAL CODE

35. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

36. §302.101 of the Texas Business & Commerce Code prohibits sellers from engaging in telephone solicitation from a location in this state or to a purchaser located in this state unless the seller obtains a registration certificate from the Office of the Secretary of State for the business location from which the solicitation is made.

37. Defendants violated § 302.101 of the Texas Business & Commercial Code when its representatives engaged in continuous and repetitive telephone solicitation of Plaintiff without obtaining a registration certificate from the Office of the Secretary of State.

38. §302.302(a) of the Texas Business & Commerce Code provides that a person who violates this chapter is subject to a civil penalty of no more than $5,000 for each violation. Furthermore, §302.302(d) provides that the party bringing the action is also entitled to recover all reasonable cost of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney fees.

**Wherefore**, Plaintiff, **Cameron Thompson,** respectfully prays for judgment as follows:

   a. All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A)) and §302.302 of the Texas Business and Commerce Code;

   b. Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

   c. Additional statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

   d. Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

   e. Additional treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

    f.      Injunctive relief (as provided under 47 U.S.C. § 227(b)(3) and (c)

    g.      Statutory damages of $5,000 per violation (as provided under §302.302(a) of the Texas Business & Commerce Code);

    h.      All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to §302.302(a) of the Texas Business & Commerce Code;

    i.      Any other relief this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

**Please take notice** that Plaintiff, **Cameron Thompson,** demands a jury trial in this case.

Respectfully submitted,

Dated: 03/29/2021

By: *s/ Amy L. Bennecoff Ginsburg*
Amy L. Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: 215-540-8888
Facsimile: 877-788-2864
Email: teamkimmel@creditlaw.com