UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FT. WORTH DIVISION

| | | |
|---|---|---|
| CAMERON THOMPSON, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CASE NO. 4:21-CV-00467-P |
| | § | |
| BUDCO FINANCIAL SERVICES, | § | |
| INC., ET AL., | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT ROYAL ADMINISTRATIVE SERVICES, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

Defendant Royal Administrative Services, Inc. ("Royal") answers the Complaint [Dkt. No. 1] as follows:

## ANSWER

1. Admits the allegations in paragraph 1 of the Complaint.

2. Admits the allegations in paragraph 2 of the Complaint.

3. Denies the allegations directed to this Defendant, and denies for lack of knowledge or information sufficient to form a belief as to the truth of each and every other allegation in paragraph 3 of the Complaint.

4. Denies the allegations in paragraph 4 of the Complaint.

5. Denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5.

6. Denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6.

7. Denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7.

8. Admits the allegations in paragraph 8 of the Complaint.

9. Denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint.

10. Admits the allegations directed to this Defendant, and denies for lack of knowledge or information sufficient to form a belief as to the truth of each and every other allegation in paragraph 10 of the Complaint.

11. Denies the allegations in paragraph 11 of the Complaint.

12. Denies the allegations in paragraph 12 of the Complaint.

13. Denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint.

14. Denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint.

15. Denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint.

16. Denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint.

17. Denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint.

18. Denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint.

19. Denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint.

20. Denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint.

21. Admits the documents are designated as Exhibit "A" to the Complaint, but denies each and every other allegation in paragraph 21 of the Complaint.

22. Denies the allegations in paragraph 22 of the Complaint.

23. Denies the allegations in paragraph 23 of the Complaint.

24. Denies the allegation in paragraph 24 of the Complaint.

25. Denies the allegations set forth in paragraph 25 of the Complaint.

26. Repeats the responses to the allegations incorporated in paragraph 26 of the Complaint.

27. Denies the allegations in paragraph 27 of the Complaint.

23. Denies the allegations set forth in misnumbered paragraph 23 of the Complaint.

23. Denies the allegations set forth in misnumbered paragraph 23 of the Complaint.

24. Denies the allegations set forth in misnumbered paragraph 24 of the Complaint.

25. Denies the allegations set forth in misnumbered paragraph 25 of the Complaint.

26. Denies the allegations set forth in misnumbered paragraph 26 of the Complaint.

27. Denies the allegations set forth in misnumbered paragraph 27 of the Complaint.

28. Denies the allegations set forth in paragraph 28 of the Complaint.

29. Repeats the responses to the allegations incorporated in paragraph 29 of the Complaint.

30. Denies the allegations set forth in paragraph 30 of the Complaint.

31. Denies the allegations set forth in paragraph 31 of the Complaint.

32. Denies the allegations set forth in paragraph 32 of the Complaint.

33. Denies the allegations set forth in paragraph 33 of the Complaint.

34. Denies the allegations set forth in paragraph 34 of the Complaint.

35. Repeats the responses to the allegations incorporated in paragraph 35 of the Complaint.

36. Denies the allegations in paragraph 36 of the Complaint.

37. Denies the allegations in paragraph 37 of the Complaint.

38. Denies the allegations in paragraph 38 of the Complaint.

## **AFFIRMATIVE DEFENSES**

39. Royal asserts the following affirmative defenses without altering plaintiff's burden of proof on any of the issues in this action.

40. The Complaint fails to state any plausible claim upon which relief may be granted.

41. No act or omission by Royal caused any compensable injury, or any compensable injuries sustained was caused by the acts or omissions of others, including third parties over which Royal had no control, and/or by the acts and omissions of Plaintiff.

42. The Complaint fails to specify when the subject calls were made. To the extent any calls were made more than four years before filing of the Complaint, the claims asserted in the Complaint are barred by the Statute of Limitations.

43. Royal's actions, practices and procedures were reasonable and taken in good faith and with the well-founded belief that such conduct was at all times in compliance with applicable laws, rules and regulations. To the extent any conduct alleged in the Complaint may be actionable, such conduct was unintentional and occurred despite Royal's good-faith efforts to be compliant.

44. The telephone calls that are the subject of the Complaint were encouraged, invited and initiated by consent, and/or made in the context of an established relationship.

45. The claims for damages, including treble damages, in the Complaint are barred as Royal did not knowingly or willfully make the alleged telephone calls in violation of the TCPA or any other statute, rule or regulation.

46. Any act or omission other than by Royal, which form a basis of the claim asserted in the Complaint, occurred without Royal's knowledge, authorization, consent, ratification or approval.

47. Any claims for damages sought can only be predicated upon the intervening and superseding conduct and omissions of third parties and third persons other than Royal.

48. The failure to exercise reasonable care and diligence caused or contributed to any alleged injury or damages, and any recovery must therefore be eliminated or reduced proportionately.

49. There has been a failure to take reasonable measures to mitigate any compensable injuries sustained.

50. For all telephone calls of the subject of the Complaint, consent was received.

51. The claims asserted in the Complaint are barred by the doctrines of waiver, estoppel, ratification, laches, and release.

52. Any legal duties owed based upon the allegations in the Complaint have been fully performed, satisfied or waived.

53. Plaintiff's claims are barred by the doctrine of *in pari delicto.*

54. Any claim for damages must be set off by Plaintiff's inequitable and wrongful conduct.

55. To the extent Plaintiff sustained any damages, such damages are *de minimis* and non-actionable.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Royal Administrative Services, Inc., respectfully requests that upon final hearing or trial the Court enter judgment granting the following relief:

(a) a take-nothing judgment in favor of Royal;

(b) costs of the court;

(c) attorney's fees; and

(d) general relief.

Respectfully submitted,

JOHNSON, RIAL & PARKER, P.C.

By: */s/ Hamilton Rial*
    Hamilton Rial
    State Bar No. 16824980
    3660 Stoneridge Rd., B-102
    Austin, Texas 78746
    Telephone No. (512) 322-8118
    Facsimile No. (512) 697-0039
    hrial@johnson-rial-parker.com
    *Attorneys for Royal Administrative Services, Inc.*

## **CERTIFICATION**

I hereby certify that on the 24th day of May, 2021, a copy of the foregoing was filed electronically and served by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

*/s/ Hamilton Rial*
Hamilton Rial