**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| **Cameron Thompson**,<br><br>Plaintiff,<br>v.<br><br>**Dealer Renewal Services, Royal Administration Services, Inc., and Budco Financial Services**<br><br>Defendants. | ) | **Case No.: 4:21-cv-00467-P** |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT AGAINST DEALER RENEWAL SERVICES**

Pursuant to Rule 55(b), Plaintiff, Cameron Thompson ("Plaintiff"), hereby submits his memorandum of law in support of his motion for an entry of a default judgment against Defendant Dealer Renewal Services ("DRS")

## I. Statement of Relevant Facts and Procedural History

Plaintiff is a natural person residing in Fort Worth, Texas 76244. (*See* Plaintiff Certification, ¶ 2.) Defendant Dealer Renewal Services ("DRS") is a business entity with a mailing address at 3300 S. Dixie Hwy, #1-142, West Palm Beach, Florida, 33405. Plaintiff registered his cellular telephone number (469) XXX-3664 on the Do Not Call Registry in or around January 2004. (Plaintiff Cert., ¶ 4; Plaintiff Cert. Ex. 1, Do Not Call Verification.) His number has been on the Do Not Call registry ever since and remains on the registry as of October 9, 2021. (*See* Plaintiff Cert's Ex. 1.)

Plaintiff never consented to receiving calls from Defendant DRS or co-defendants Royal Administration Services or Budco. Nonetheless, DRS, on behalf of Royal and Budco, placed over 28 calls to Plaintiff soliciting warranty plans. (Screenshots of 28 calls are attached as Exhibit "A.")

Defendants' calls contained a pre-recorded message which played each time Plaintiff answered the phone, soliciting extended warranty plans. (Plaintiff Cert. ¶ 6; Complaint ¶ 18.) In addition to the pre-recorded voice, when Plaintiff answered the call and heard either a lengthy pause or delay voice before anyone came on the line, indicating to him that the call was made using an ATDS. (Plaintiff Cert. ¶ 7; Complaint, ¶ 18.) On instances where Plaintiff spoke with a live individual, he was solicited for an automobile warranty. (Complaint, ¶ 19.)

On or about April 16, 2020, in order to ascertain who was responsible for the calls, Plaintiff purchased a warranty from Defendants DRS and Royal.[1] (Complaint, ¶ 20.) On this same date, Defendant DSR sent Plaintiff a contract booklet containing information about the Royal warranty he purchased. (Complaint, ¶ 21; See Exhibit B. The contract booklet included a welcome letter, information about the warranty, and a payment plan agreement. (Complaint, ¶ 22; Ex. B.)

The contract booklet from DRS identified the "Lienholder" as Budco and the "Administrator" as Royal. See Id. Upon information and belief, Defendants Royal and Budco authorized Defendant DRS to solicit and generate prospective customers, and enter into contracts on their behalf with those prospective customers. (Complaint, ¶ 24.) While DRS solicits to Texas residents via telemarketing, it is not registered with the Texas Secretary of State as a telephone solicitor. (*See* Ex. C, list of telephone solicitors registered with the Texas Secretary of State.)

Plaintiff has screenshots reflecting 28 unlawful calls from DRS on behalf of BudCo and Royal to Plaintiff, which are attached as Exhibit A. The calls were made on the following instances:

- 12-11-2019, 11:44 am;
- 12-16-2019, 1:08 pm
- 3-3-2020, 2:03 pm

[1] Plaintiff inadvertently referred to Dealer Renewal Services as "DSR" rather than "DRS" in that paragraph, which was a typographical error.

- 3-4-2020, 10:19 am
- 3-4-2020, 5:23 pm
- 3-5-2020, 4:53 pm
- 3-6-2020, 2:12 pm
- 3-9-2020, 11:00 am
- 3-9-2020, 1:14 pm
- 3-10-2020, 10:20 am
- 3-11-2020, 11:50 am
- 3-11-2020 4:16 pm
- 3-12-2020, 2:09 pm
- 3-13-2020, 2:23 pm
- 3-16-2020, 2:13 pm
- 3-16-2020, 2:22 pm
- 3-19-2020, 4:35 pm
- 3-20-2020, 11:11 am
- 3-23-2020, 1:46 pm
- 3-25-2020, 5:17 pm
- 3-26-2020, 1:45 pm
- 4-9-2020, 5:35 pm
- 4-10-2020, 9:32 am
- 4-13-2020, 1:31 pm
- 4-15-2020, 10:33 am
- 4-16-2020, 3:57 pm
- 5-6-2020, 11:51 am
- 5-4-2020, 3:14 pm

(*See* Ex. A.)

Based on the foregoing, on March 31, 2021, Plaintiff filed suit against DRS, Budco and Royal. (Doc. No. 1.) In that Complaint, Plaintiff asserted counts under § 227(b) of the TCPA for calls with a pre-recorded voice/automatic telephone dialing system (*See* Complaint, Count I); 227(c) of the TCPA for solicitation calls to a number registered on the Do Not Call list (Count II); and §302.101 of the Texas Business & Commerce Code for calls made by a telephone solicitor not registered with the Texas Secretary of State (Count III.)(*See* Ex. C, list of telephone solicitors registered with the Texas Secretary of State.)

Defendant, DRS was served via personal service on June 30, 2021. (Doc. No. 22.) Accordingly, DRS' answer would have been due July 21, 2021. Where DRS failed to answer, on August 20, 2021, Plaintiff requested the clerk enter default against DRS. (Doc. No. 31.) The clerk entered default in favor of Plaintiff and against DRS on August 23, 2021. (Doc. No. 33.) Plaintiff now moves this Honorable Court for an entry of default judgment.

Each of the 28 calls were made with an automatic telephone dialing system and/or a pre-recorded/automatically generated voice. Furthermore, each of the 28 calls were solicitation calls without consent to a number on the Do Not Call registry. The pattern and method of DRS' persistent calls could only be described as willful. Accordingly, Plaintiff seeks $42,000 for violations of § 227(b), § for violations of § 42,000 for violations of 227(c) and: $140,000.00 for violation of the TBCC. Plaintiff understands that the $2500 offer of judgment accepted from Defendants other than DRS could be offset from the amount of judgment, which would reduce the judgment to **$221,500.00.**

Plaintiff requests default judgment against DRS in that amount.

## II. Argument

Pursuant to Rule 55(a), a default judgment is proper "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." .When a defendant fails to respond, his default is considered an admission of the plaintiff's well-pleaded allegations of fact related to liability. Jackson v. FIE Corp., 302 F.3d 515, 524 (5th Cir. 2002) (quoting Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)).

In this case, because of Defendant's default, Plaintiff's allegations as set forth above are now established fact, entitling him to a judgment in their favor for Defendant's violations of the TCPA.

Plaintiff has plead facts showing that the Defendant violated the TCPA. The TCPA authorizes "a person" to bring a private cause of action against callers who make "any call using an automatic telephone dialing system or prerecorded voice to any telephone number assigned to a...cellular telephone..." See 47 U.S.C.§227(b)(1)(A)(iii); Mims v. Arrow Fin. Servs., LLC, 132 S. Ct. 740, 744 (2012).

Therefore, to prove a claim under the TCPA, Plaintiff need only show: (1) Defendants called a cellular telephone; (2) Plaintiff was the intended recipient of Defendants' calls or the primary user of the phone (the "called party"); and (3) an automatic telephone dialing system or prerecorded voice was used. See 47 U.S.C.§227(b)(1)(A)(iii); Bates v. I.C. Sys., 2009 WL 3459740 at *2 (W.D.N.Y. Oct. 19, 2009); King v. Time Warner Cable, 2015 WL 4103689 at *5 (S.D.N.Y. July 7, 2015); Echevvaria v. Diversified Consultants, Inc., 2014 WL 929275 at * 4 (S.D.N.Y. Feb. 28, 2014) (citing Alea London Ltd. v. Am. Home Servs., Inc., 638 F.3d 768, 776 (11th Cir., *cert denied*, 132 S. Ct. 553 (2011); Breslow v. Wells Fargo Bank, N.A., 857 F.Supp.2d 1316, 1319 (S.D.Fl. 2012); Soppet v. Enhanced Recovery Co., 2011 WL 3704681 at *1 (N.D.Ill. Aug. 21. 2011).

Here, the Plaintiff's Complaint clearly pleads that Defendant DRS used an ATDS and a pre-recorded voice, it was soliciting goods or service to a number on the Do Not Call registry and that Defendant DRS was not registered as a telephone solicitor in Texas. Plaintiff has presented evidence for those claims and Defendant has failed to respond.

Here as Defendant has not filed any answer or other responsive pleading, it has asserted no affirmative defenses and has provided no evidence to meet its burden of proving any such defense – the Defendant bears the burden of pleading and proving affirmative defenses to TCPA claims. See Docket; See Moore v. Firstsource Advantage LLC, 2011 WL 4345703 at *10

(W.D.N.Y. Sept. 15, 2011); Osorio v. State Farm Bank, F.S.B., 746 F.3d 1242, 1251 (11th Cir. 2014); Soppet v. Enhanced Recovery Co., LLC, 679 F.3d 637, 640 (7th Cir. 2012). Moreover, the Plaintiff has clearly pled that Plaintiff never consented to the calls. See Docket Entry No. 1. Plaintiff also has screenshots and call logs reflecting the unlawful calls and proof of the defendant's identify from the warranty purchase. (*See* Exhibits A-C.)

The TCPA provides for statutory damages of $500 to $1,500 per violative call. See 47 U.S.C. §227(b)(3)(B) and §227(b)(3)(C). Bridgeview Health Care Ct. Ltd. v. Clark, 2013 WL 1154206 at *7 (N.D.Ill. Mar. 19, 2013). The attached screenshots provides the dates and times of calls from Defendant. (*See* Exhibit "A".) Section 227(c) of the TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered him or his telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c). DRS placed pre-recorded and automated solicitation calls to Plaintiff despite the fact that Plaintiff's phone number has been on the Do Not Call Registry since 2004.. Violation of this section entitles Plaintiff to an additional $1,500 per telephone call. Damages from 47 U.S.C. § 227(b) and 227(b) can be combined or "stacked" together. Charvat v. NMP, LLC, 703 F. Supp. 2d 735, 740 (S.D. Ohio 2010).

Additionally, §302.101 of the Texas Business & Commerce Code prohibits sellers from engaging in telephone solicitation from a location in this state or to a purchaser located in this state unless the seller obtains a registration certificate from the Office of the Secretary of State for the business location from which the solicitation is made. Defendant violated § 302.101 of the Texas Business & Commercial Code when its representatives engaged in continuous and repetitive telephone solicitation of Plaintiff without obtaining a registration certificate from the Office of the

Secretary of State. The undersigned confirmed Defendant is not included in this database by searching Defendant's name at https://direct.sos.state.tx.us/telephone/TelephoneSearch.asp. §302.302(a) of the Texas Business & Commerce Code provides that a person who violates this chapter is subject to a civil penalty of no more than $5,000 for each violation. Here Plaintiff seeks $5,000 for each violative call under the TBCC. Because Plaintiff accepted a $2500 offer of judgment from co-defendants BudCo and Royal, Plaintiff understands the total award can be subject to a $2500 set-off, to which he is agreeable.

**Amount of Judgment**

Value of Judgment for 227(b) claims: $42,000.

Value of Judgment for 227(c) claims: $42,000

Value of Judgment for § 302.101 of Texas Business & Commerce Code claims: $140,000.00.

Less $2500 set-off from Offer of Judgment.

In total, Plaintiff seeks a default judgment in the amount of **$221,500.00.**

## III. Conclusion

For the foregoing reasons, Plaintiff Cameron Thompson moves this Honorable Court for an entry of default judgment against Dealer Renewal Services an award in the amount of $221,500.00.

Respectfully submitted,

Kimmel & Silverman, P.C.

By: */s/ Jacob U. Ginsburg*
Jacob U. Ginsburg
30 E. Butler Pike
Ambler, PA 19002

Phone: (215) 540-8888
Email: jginsburg@creditlaw.com
teamkimmel@creditlaw.com

Dated: October 10, 2021

**CERTIFICATE OF SERVICE**

I, Jacob U. Ginsburg hereby certify that a true and correct copy of the memorandum in support of default judgment motion was electronically filed with the Clerk of Court and transmitted to all parties of record via ECF and sent to Defendant Dealer Renewal Service at:

Dealer Renewal Services
3300 South Dixie Highway
Suite 267
West Palm Beach FL 33405-1987

Date: October 10, 2021 By: *<u>/s/ Jacob U. Ginsburg</u>*
JACOB U. GINSBURG, ESQUIRE