UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**CAMERON THOMPSON,**

  Plaintiff,

v.                                          No. 4:21-cv-0467-P

**DEALER RENEWAL SERVICES ET AL,**

  Defendants.

## MEMORANDUM OPINION & ORDER

Plaintiff Cameron Thompson filed a Complaint on January 22, 2021. Pl.'s Compl., ECF No. 1. Defendant Dealer Renewal Services ("DRS") was served with summons on June 30, 2021. ECF No. 22. On August 20, 2021, Plaintiff requested that the Clerk of Court enter a default because of DRS's failure to respond to the Complaint or otherwise appear, and the Clerk accordingly entered default against DRS on August 23, 2021. *See* ECF Nos. 31, 33. On October 10, 2021, Plaintiff filed a Motion for Default Judgment against Defendant DRS. *See* ECF No. 34. Because Defendant has not appeared and the requirements for granting default judgment have been met, the Court will **GRANT** Plaintiff's Motion for Default Judgment against DRS.

## LEGAL STANDARD

Federal Rule of Civil Procedure 55 sets forth the conditions under which default may be entered against a party, as well as the procedure by which a party may seek the entry of default judgment. *See* FED. R. CIV. P. 55. There are three stages to the entry of a default judgment. *First*, a default occurs "when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules." *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996); *see also* FED. R. CIV. P. 55(a). *Second*, an entry of default may be entered "when the default is established by affidavit or otherwise." *N.Y. Life Ins. Co.*, 84 F.3d at 141 (citing FED. R. CIV. P. 55(a)). *Third*, a plaintiff may then

apply to the clerk or the Court for a default judgment after an entry of default is made. *Id.* A default judgment, however, may not be entered against an individual in military service until an attorney is appointed to represent the defendant. 50 U.S.C. § 521.

"Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (internal quotation marks omitted). Moreover, "a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Id.* (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996) (per curiam)). "There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Only well-pleaded facts, not conclusions of law, are presumed to be true. *Id.* Default judgment "should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." *Mason & Hanger–Silas Mason Co., Inc. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984) (per curiam).

In determining whether the entry of a default judgment is appropriate, courts have developed a three-part analysis. *Ramsey v. Delray Cap. LLC*, No. 3:14-CV-3910-B, 2016 WL 1701966, at *2 (N.D. Tex. Apr. 28, 2016). *First*, courts look to whether a default judgment is procedurally warranted. *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). The *Lindsey* factors are relevant to this inquiry. Accordingly, the Court may consider whether: (1) material issues of fact exist; (2) there has been substantial prejudice; (3) the grounds for default are clearly established; (4) the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) the court would think itself obliged to set aside the default on the defendant's motion. *Id.*

*Second,* courts analyze the substantive merits of the plaintiff's claims and determine if there is a sufficient basis in the pleadings for the judgment. *See Nishimatsu Constr. Co.*, 515 F.2d at 1206 (stating that "default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover"). To that end, the Court is to assume because of its default, defendant admits all well-pleaded facts,

2

but not to those facts that are not well-pleaded or other conclusions of law. *Id.*

*Third*, courts determine what form of relief, if any, the plaintiff should receive. *See Ins. Co. of the W. v. H & G Contractors, Inc.*, No. C-10-390, 2011 WL 4738197, at *4 (S.D. Tex. Oct. 5, 2011) ("A defendant's default concedes the truth of the allegations of the Complaint concerning the defendant's liability, but not damages."). When the "amount of damages can be determined with mathematical calculation by reference to the pleadings and supporting documents, a hearing is unnecessary." *Ramsey*, 2016 WL 1701966, at *3 (citing *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993)).

## ANALYSIS

Applying this three-part analysis, the Court concludes that a default judgment is procedurally warranted and supported by a sufficient factual basis in Plaintiff's Complaint, and that the amount of damages may be determined with mathematical calculation.

### A. Default judgment is procedurally warranted.

*First,* applying the *Lindsey* factors here, the Court concludes that the entry of default judgment is procedurally proper. There are no material facts in dispute because DRS has not filed any responsive pleadings to date. *See Nishimatsu Constr. Co.*, 515 F.2d at 1206 (noting that "[t]he defendant, by his default, admits the plaintiff's well pleaded allegations of fact"). *Second*, DRS's failure to respond effectively prejudices Plaintiff as the legal process is at a standstill. *Third*, nothing before the Court suggests that DRS's failure to respond resulted from a good faith mistake or excusable neglect. *Fourth*, Plaintiff seek only the relief to which it is entitled under the law, and the Court is aware of no applicable defenses. *See Helena Chem. Co. v. Goodman*, No. 5:10-CV-121, 2011 WL 1532200, at *1 (S.D. Miss., Apr. 21, 2011) (noting that the district court, in deciding whether to grant a motion for a default judgment, should consider whether the defendant has a meritorious defense to the complaint). *Finally*, there are no facts in the record that would provide a basis to set aside a default if challenged by DRS. These factors favor entering a default judgment in favor of Plaintiff.

3

**B. Plaintiff's Complaint adequately alleged statutory violations.**

Plaintiff asserts claims against Defendant for violations of two sections of the Telephone Consumer Protection Act ("TCPA") (47 U.S.C. §§ 227(b)(1)(A)(iii),[1] 227(c)[2]) and one section of the Texas Business and Commerce Code (TEX. BUS. & COM. CODE § 302.101[3]). Compl. ¶¶ 29–38. The Complaint alleges that these claims stem from Defendant calling Plaintiff 28 times from 2019 to 2020, even though Plaintiff was placed on the Do No Call Registry in January 2004. Mot. for Def. J., at 4. Plaintiff's Complaint adequately alleges that Defendant DRS violated each of these statutes, and alleged that the pattern and method of the violations indicate that such violations occurred willfully.

By failing to answer or appear, Defendant DRS is deemed to have admitted the allegations in Plaintiff's complaint. *See Bank of New York Mellon Tr. Co., N.A. v. Hancock*, No. 5:19-CV-270-H-BQ, 2020 WL 2989023, at *2 (N.D. Tex. June 4, 2020) ("Through their failure to answer the complaint, the defendants admit the plaintiff's allegations of

---

[1] "It shall be unlawful for any person . . . to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States." 47 U.S.C.A. § 227.

[2] Under 42 U.S.C. § 227(c)(5), individuals have a cause of action if they "received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of" Section 227(c). It is a violation of Section 227(c) to make or transmit a telephone solicitation to any person who is a subscriber to the do not call registry. 47 U.S.C. § 227(c)(3)(F). Individuals have a private right to action "to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater . . . ." 47 U.S.C. § 227(c)(5)(B). If the Court finds that the defendant's violation was committed willfully or knowingly, the Court may treble plaintiff's award. 47 U.S.C. § 227(c)(5). The Court may grant damages for violations of both 227(b) and (c) based on the same conduct. *See Schumacher v. Cap. Advance Sols., LLC*, No. H-18-0436, 2020 WL 3474420, at *2 (S.D. Tex. June 8, 2020), *report and recommendation adopted,* No. H-18-0436, 2020 WL 3470505 (S.D. Tex. June 25, 2020).

[3] "A seller may not make a telephone solicitation from a location in this state or to a purchaser located in this state unless the seller holds a registration certificate for the business location from which the telephone solicitation is made." TEX. BUS. & COM. CODE ANN. § 302.101(a). "A person who violates this chapter is subject to a civil penalty of not more than $5,000 for each violation." *Id.* § 302.302.

4

fact, and the facts are deemed admitted for the purposes of the judgment." (citing *Nishimatsu*, 515 F.2d at 1206)). DSR is accordingly liable for the claims alleged in Plaintiff's Complaint.

### C. Plaintiff's damages can be calculated.

Finally, Plaintiff's Complaint alleges statutory damages for that are readily calculable. Plaintiff seeks the following statutory damages: $42,000 for DRS's alleged violations of 47 U.S.C. § 227(b)(1)(A)(iii); $42,000 for DRS's alleged violations of 47 U.S.C. § 227(c); and $140,000 for DRS's alleged violations of Section 302.101 of the Texas Business and Commerce Code. Pl.'s Br. at 4, ECF No. 35. Plaintiff calculated these amounts by multiplying the number of DRS's statutory violations by the statutorily permitted damages per violation. *Id*. Plaintiff agreed to reduce the amount of damages sought by $2,500—the amount Plaintiff accepted from the Offer of Judgment made by Defendants whom appeared. *Id*. Thus, the total calculated amount of damages sought in Plaintiff's Complaint is $221,500. *Id*.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for Default Judgment (ECF No. 34) as to all claims and awards default judgment in favor of Plaintiff in the amount of $221,500 against Defendant Dealer Renewal Services.

**SO ORDERED** on this **18th day** of **November, 2021.**

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE